255 P.3d 1016

Albert C. HAAG, Petitioner,

v.

The Honorable Roland J. STEINLE, Judge
of the Superior Court of the State of
Arizona, in and for the County of Mari-
copa, Respondent Judge,

State of Arizona ex rel. William G. Mont-
gomery, Maricopa County Attorney,
Real Party in Interest.

No. 1 CA–SA 11–0084.

Court of Appeals of Arizona,
Division 1, Department C.

May 5, 2011.

Debus, Kazan & Westerhausen LTD By Tracey Westerhausen, Phoenix, Attorneys for Petitioner.

William G. Montgomery, Maricopa County Attorney By Adam Susser, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

DOWNIE, Judge.

¶ 1 In this special action proceeding, we interpret Arizona Revised Statutes ("A.R.S.") section 13–3967(E)(1), which mandates that individuals charged with certain bailable sex offenses be subject to electronic monitoring "where available." Because we conclude the superior court has the discretion to allow petitioner Albert Haag to be released to his home in Buffalo, New York, where electronic monitoring is unavailable, we accept special action jurisdiction, grant relief, and remand to the superior court.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 Haag was an Arizona resident in 2005 when he was first charged with sexual exploitation of a minor (possession of child pornography on a computer). Those charges were later dismissed. In 2006, Haag was indicted in Maricopa County for sexual exploitation of a minor. A warrant issued for his arrest. According to Haag, he was unaware of the new charges until November 2010, when a police officer in Buffalo, where Haag now resides, ran his license plate and discovered the outstanding Arizona warrant.

¶ 3 Haag self-surrendered and appeared in Maricopa County Superior Court. He sought pretrial release to his home in Buffalo. The State, however, took the position that Haag could not be released without electronic monitoring. The record reflects that Maricopa County does not track out-of-state defendants via electronic monitoring, and Erie County, New York, where Buffalo is located, does not utilize electronic monitoring. Citing A.R.S. § 13–3967(E)(1), the superior court concluded it lacked the authority to release Haag to his home in Buffalo because he could not be monitored electronically there. The court ordered him released, on the condition he remain in Maricopa County on electronic monitoring. Haag promptly sought special action relief in this Court.

### Special Action Jurisdiction

¶ 4 A special action petition seeks extraordinary relief that is usually granted

only where justice cannot be satisfactorily obtained by other means. *Nataros v. Superior Court,* 113 Ariz. 498, 499, 557 P.2d 1055, 1056 (1976). A primary consideration is whether the petitioner has an equally plain, speedy, and adequate remedy by appeal. *See* Ariz. R.P. Spec. Act. 1(a); *State ex rel. Romley v. Superior Court,* 172 Ariz. 109, 111, 834 P.2d 832, 834 (App.1992). Another factor is whether the case presents an issue of statewide importance affecting numerous cases. *Lind v. Superior Court,* 191 Ariz. 233, 236, ¶ 10, 954 P.2d 1058, 1061 (App. 1998).

¶ 5 The pretrial release issue will become moot if not reviewed by special action. Additionally, Haag's petition raises a legal question of first impression and statewide importance that could recur in other cases and evade appellate review. We thus accept special action jurisdiction.

## DISCUSSION

¶ 6 Certain key facts are undisputed. Haag is a resident of Buffalo, New York. He is charged with bailable offenses. His criminal charges trigger application of A.R.S. § 13–3967(E), which reads:

E. In addition to any of the conditions a judicial officer may impose pursuant to subsection D of this section, the judicial officer shall impose both of the following conditions on a person who is charged with a felony violation of chapter 14 or 35.1 of this title and who is released on his own recognizance or on bail:

1. Electronic monitoring where available.

2. A condition prohibiting the person from having any contact with the victim.

¶ 7 The parties disagree about the meaning of "where available," as used in subparagraph (E)(1). The State contends Haag cannot be released to a locale where electronic monitoring is unavailable because electronic monitoring *is* available in Maricopa County, where he is charged. Haag, on the other hand, argues the statute requires electronic monitoring as a condition of release only if such monitoring is available where a defendant will live while on release. Thus, Haag

asserts, the superior court has the discretion to allow him to return home to Buffalo pending trial.

¶ 8 The superior court interpreted A.R.S. § 13–3967(E) as requiring that Haag remain in Maricopa County on electronic monitoring. It stated:

The defendant is a resident of Buffalo, New York, and the Court was of the opinion that absent the statute and the meaning of "where available," the Court would have allowed him to go back to Buffalo.

The Court accepted the State's argument that "where available" means it's available here in Maricopa County, which means he has to remain here in Maricopa County, and if it's not available in another state, then he has to stay here.

. . . .

But for the definition of "where available," the Court would've allowed [Petitioner] to return to Buffalo because he had sufficient contacts with the courts here. . . . I would've allowed him to be in Buffalo if the statute was more broadly interpreted.

¶ 9 We review the interpretation of a statute *de novo.* *State v. Kearney,* 206 Ariz. 547, 549, ¶ 5, 81 P.3d 338, 340 (App. 2003). "If a statute's language is clear and unambiguous, we apply it without resorting to other methods of statutory interpretation." *Hayes v. Cont'l Ins. Co.,* 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). However, if more than one plausible interpretation of a statute exists, we typically employ tools of statutory construction. *Id.* We consider the statute's context, its language, subject matter and historical background, its effects and consequences, and its spirit and purpose. *Id.*

¶ 10 Section 13–3967(E) is susceptible to both interpretations urged by the parties. In such a circumstance, it is appropriate "to review the statute's legislative history to find, if possible, any shared legislative understanding of the relevant language." *Hayes,* 178 Ariz. at 269, 872 P.2d at 673 (1994). Among other sources, we may consider minutes of a legislative committee hearing. *Id.*

¶ 11 Section 13–3967 was amended in 2002 to mandate electronic monitoring, where available, as a release term for individuals accused of certain bailable sex offenses. The amendment occurred, in part, to ensure appearance of the accused and to protect victims and the community. S. 1202, 45th Leg., 2nd Reg. Sess. (2002). Senate Bill 1202 did not originally include the "where available" language. Minutes of the House Appropriations Committee, 45th Leg., 2nd Reg. Sess. at 4 (April 8, 2002). According to the committee minutes, the phrase was added so "that a person committing a felony offense would have electronic monitoring where available, so counties in which it is not available would not have an additional incurred cost." *Id.* In its analysis of the bill, the House Appropriations Committee noted that not all offenders would be electronically monitored, "since the bill requires the devices only where available, [and] some courts would not be required to issue them." Fiscal Analysis as amended by the House Appropriations Committee, 45th Leg., 2nd Reg. Sess. at 2 (May 1, 2002).

¶ 12 This legislative history demonstrates that the "where available" language came about in recognition of the fiscal reality that not all counties have electronic monitoring capabilities. The question then becomes whether the legislature intended that a nonresident defendant be required to remain in a county that has electronic monitoring simply because he or she is charged in such a county.

¶ 13 Courts will not read into a statute something that is not within the manifest intent of the legislature as indicated by the statute itself, nor will the courts inflate, expand, stretch, or extend a statute to matters not falling within its express provisions. *City of Tempe v. Fleming*, 168 Ariz. 454, 457, 815 P.2d 1, 4 (App.1991). Section 13–3967(E) does not say that a defendant who is charged in an Arizona county that has electronic monitoring must remain in that county pending trial if his home county cannot so monitor him. Indeed, subparagraph (E) says nothing at all about where a defendant may reside while on release. The same statute, though, in subparagraph (B)(12), recognizes that de-

fendants eligible for pretrial release may live outside Arizona. It directs that, in determining the "method of release or the amount of bail," a court shall consider "[w]hether the accused's residence is in this state, in another state or outside the United States." A.R.S. § 13–3967(B)(12).

¶ 14 If the State's interpretation were correct, every criminal defendant charged with specified bailable offenses in Maricopa County, where electronic monitoring is available, would be required to remain there pending trial if his or her home county lacked monitoring capabilities. Although the parties have not raised constitutional arguments, interpreting the statute in that manner could implicate constitutional concerns. *Cf. Creamer v. Raffety*, 145 Ariz. 34, 43, 699 P.2d 908, 917 (App.1984) ("[C]onsiderations of due process and equal protection mandate that . . . procedures for release on bail or otherwise be administered in a nondiscriminatory manner."), *disagreed with on other grounds in Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 339 n. 1, 783 P.2d 781, 785 n. 1 (1989). If there are two possible interpretations of a statute, courts will adopt the interpretation that is consistent with the constitution rather than the one that renders the enactment unconstitutional. *State v. Sanders*, 205 Ariz. 208, 217, ¶ 38, 68 P.3d 434, 443 (App.2003).

¶ 15 We consider the policy behind the law and the evils it was intended to remedy when interpreting a statute. *State v. Clary*, 196 Ariz. 610, 612, ¶ 9, 2 P.3d 1255, 1257 (App.2000). The legislature has recognized that not all individuals charged with bailable sex offenses will be electronically monitored while on pretrial release. The stated purposes of A.R.S. § 13–3967(E)(1) are to ensure appearance of the accused in court and to protect victims and the community. Whether these goals can be achieved by allowing a defendant to be released to a home county that lacks electronic monitoring is a fact-intensive inquiry that must be resolved on a case-by-case basis, relying on the trial court's sound discretion.

216

## CONCLUSION

¶ 16 For the foregoing reasons, we accept jurisdiction, grant relief, and remand to the superior court. On remand, the court shall exercise its discretion and decide whether to release Haag to his home in Buffalo without electronic monitoring. We express no opinion regarding the merits of this issue. In reaching its decision, the court may consider the unavailability of electronic monitoring in Buffalo as a factor relevant to the release determination.

CONCURRING: DANIEL A. BARKER, Presiding Judge, and MICHAEL J. BROWN, Judge.