300 P.3d 556

Bobby B. ROBBINS, Appellant,

v.

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency, and The Navajo Nation, Appellees.

Nos. 1 CA–UB 12–0089, 1 CA–UB 12–0090.

Court of Appeals of Arizona, Division 1, Department E.

May 7, 2013.

Bobby B. Robbins, Tuba City, Appellant In Propria Persona.

Thomas C. Horne, Arizona Attorney General By Carol A. Salvati, Assistant Attorney General, Phoenix, Attorneys for Appellee Arizona Department of Economic Security.

## OPINION

DOWNIE, Judge.

¶ 1 This appeal requires us to interpret Arizona Revised Statute ("A.R.S.") section 23-751.01, which defines "[e]mployment by an Indian tribe" in the context of unemployment insurance. We conclude that wages earned as a member of a tribal legislative body are not qualifying wages for purposes of unemployment insurance benefits. We therefore affirm the determination that Appellant Bobby B. Robbins was ineligible for benefits and that he was overpaid benefits through no fault of his own.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The Navajo Nation Council ("Council") is the legislative body of the Navajo Nation. Navajo Nation Code title 2, § 101(A) ("There is hereby established the Legislative Branch of the Navajo Nation government. The Legislative Branch shall consist of the Navajo Nation Council and any entity established under the Navajo Nation Council."). Comprised of 88 delegates, the Council is the "governing body of the Navajo Nation." *Id.* at § 102(A).

¶ 3 Robbins served as a Council delegate for several years. After losing his bid for re-election, he applied to the Arizona Department of Economic Security ("ADES") for unemployment insurance benefits. Robbins was initially deemed eligible for benefits and received payments totaling $2,160. It was later determined that he worked in "excluded employment" and was thus ineligible for benefits. Robbins was retroactively disqualified from benefits, and ADES issued a "non-fraud" overpayment determination in the amount of $2,160.

¶ 4 Robbins appealed. Evidentiary hearings were held regarding the eligibility and overpayment decisions. The ADES Appeal Tribunal concluded Robbins' wages as a Council delegate "could not be used for unemployment insurance because he worked in an excluded employment as an elected official." It also affirmed the overpayment determination but reclassified it from "non-fraud" to "administrative." [1]

¶ 5 Robbins petitioned for review. The ADES Appeals Board ("Board") unanimously concluded that wages for "service as a member of the legislative body of an Indian tribe

---

1. An "administrative" classification means "an overpayment which occurred without fault on the part of the claimant." Ariz. Admin. Code § R6-3-1301(6). Such a designation permits the claimant to seek a waiver of all or a portion of the overpaid amounts. *See* A.R.S. § 23-787(C) (amended 2013). No waiver request is at issue in this appeal.

are not wages paid for employment for [unemployment insurance] purposes. Such payments are excluded by law from the definition of 'wages' paid for 'employment.'" The Board also affirmed the overpayment determination. Robbins again petitioned for review, but the Board affirmed its previous rulings by majority vote. One Board member dissented, stating that his earlier decision was "an error" and concluding that Robbins' wages as a Council delegate qualified for benefits.

¶ 6 Robbins filed a timely application for appeal, which this Court granted. We have jurisdiction pursuant to A.R.S. § 41–1993(B).

## DISCUSSION

¶ 7 We are bound by the Board's reasonable findings of fact, but we review *de novo* its application of the law. *Rice v. Ariz. Dep't of Econ. Sec.*, 183 Ariz. 199, 201, 901 P.2d 1242, 1244 (App.1995) (citations omitted). We accord deference to agencies' interpretations of legislation they are charged with implementing. *See Blake v. City of Phoenix*, 157 Ariz. 93, 96, 754 P.2d 1368, 1371 (App.1998) (citing *Keller v. City of Bellingham*, 92 Wash.2d 726, 600 P.2d 1276, 1280 (1979)). "However, the agency's interpretation is not infallible, and courts must remain the final authority on critical questions of statutory construction." *U.S. Parking Sys. v. City of Phoenix*, 160 Ariz. 210, 211, 772 P.2d 33, 34 (App.1989).

¶ 8 "If a statute's language is clear and unambiguous, we apply it without resorting to other methods of statutory interpretation." *Haag v. Steinle*, 227 Ariz. 212, 214, ¶ 9, 255 P.3d 1016, 1018 (App.2011) (internal quotation marks omitted). "However, if more than one plausible interpretation of a statute exists, we typically employ tools of statutory construction." *Id.* "We consider the statute's context, its language, subject matter and historical background, its effects and consequences, and its spirit and purpose." *Id.*

¶ 9 A claimant seeking unemployment insurance benefits must establish, among other things, that he or she "[h]as been paid wages for insured work." A.R.S. § 23–771(A)(6)(a). To determine whether Council

delegate service constitutes "insured work," we begin with the relevant definition of "employment." Section 23–615 defines "employment," for unemployment insurance purposes, as "any service of whatever nature performed by an employee for the person employing him, including service in interstate commerce." With enumerated exceptions, "employment" includes services performed "in the employ of this state, or any instrumentality, agency or board of this state." A.R.S. § 23–615(6)(c). A statutory exception exists for services performed as a member of certain legislative bodies. A.R.S. § 23–615(6)(d)(iii)(B).

¶ 10 In 2001, the Arizona legislature enacted A.R.S. § 23–751.01, extending unemployment insurance to "service in the employment by an Indian tribe." A.R.S. § 23–751.01(A). The statute defines "[e]mployment by an Indian tribe" as:

> employment by an Indian tribe as defined in 26 United States Code § 3306(u) or by a tribal unit *except that employment by an Indian tribe does not include the exclusions from employment prescribed in § 23–615, paragraph 6, subdivision (d), item (iii), subitem[ ](B)* . . . .

A.R.S. § 23–751.01(I)(1) (emphasis added).

¶ 11 Resolution of this appeal turns on the meaning of the phrase: "except that employment by an Indian tribe does not include the exclusions from employment prescribed in § 23–615, paragraph 6, subdivision (d), item (iii), subitem[ ](B)." If the subparagraph (6)(d)(iii)(B) exclusion applies to tribal employment, Robbins was properly disqualified from benefits because he served as a member of a legislative body. Section 23–615(6) states, in pertinent part:

> (d) For purposes of this paragraph, the term "employment" does not apply to service performed:
>
> . . . .
>
> (iii) In the employ of a governmental entity referred to in § 23–750, subsection A, paragraph 2, if such service is performed by an individual in the exercise of his duties:
>
> . . . .

(B) As a member of legislative body or the judiciary, of this state or a political subdivision thereof[.]

¶ 12 As ADES acknowledgeś, the statement that employment by an Indian tribe "does not include the exclusions from employment" enumerated in § 23–615(6)(d)(iii)(B) is susceptible of differing interpretations. One interpretation is that "employment by an Indian tribe" does not encompass the categories of work described in subparagraph (6)(d)(iii)(B). Another possible meaning, and the one ultimately adopted by the dissenting Board member, is that "employment by an Indian tribe" is intended to include the services enumerated in subparagraph (6)(d)(iii)(B), making tribal employees exempt from the "legislative body" exclusion.

¶ 13 The ambiguity in the statute's wording makes it appropriate to consider "legislative history to find, if possible, any shared legislative understanding of the relevant language." *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 269, 872 P.2d 668, 673 (1994). We find initial guidance in § 23–751.01(A), which states that benefits "based on service in the employment by an Indian tribe are payable *in the same amount and on the same terms and are subject to the same conditions as benefits payable on the basis of other service* subject to this chapter." (Emphasis added.) This provision reveals a legislative intent to treat tribal employment the same as "other service" when it comes to both benefit amounts *and* benefit conditions.

¶ 14 It is also significant that § 23–751.01 was enacted in 2001 specifically to align Arizona law with then-recent changes to federal law. *See* Ariz. H.R.B. Summary, 2001 Reg. Sess. H.B. 2151 (May 11, 2001) ("There have been recent changes in the federal unemployment law relating to Native American tribes. HB 2151 adds pertinent language to conform Arizona statute to federal law."). Our legislature was referring to amendments to the Federal Unemployment Tax Act ("FUTA") that placed Indian tribes on similar legal footing with state and local governments regarding services performed in their employ by requiring the states to cover such employment, with specified exceptions, as a condition of participating in the federal-state program. 26 U.S.C. § 3304(a)(6)(A). The federal amendments permitted the states to extend the same coverage exceptions to Indian tribes that apply to certain services performed in the employ of state and local governments. *See* 26 U.S.C. § 3309(b)(3)(B), (b)(3)(E), (b)(5). Among the services that states may exclude from coverage under FUTA are those performed as "a member of a legislative body, or a member of the judiciary, of a State or political subdivision thereof, or of an Indian tribe." 26 U.S.C. § 3309(b)(3)(B).

■ ¶ 15 Had the Arizona legislature intended to exempt tribal employment from the legislative body exclusion, it need not have addressed § 23–615(6)(d)(iii) in the text of § 23–751.01(I)(1) at all. The exclusions enumerated in the former apply only to state and local governmental entities, which would not include Indian tribes. *See* A.R.S. §§ 23–615(6)(d)(iii), –750(A)(2). "We presume the legislature is aware of existing statutes when it enacts new statutes," *Washburn v. Pima County*, 206 Ariz. 571, 576, ¶ 11, 81 P.3d 1030, 1035 (App.2003), and we do not interpret statutes to contain "useless provisions" unless no other construction is possible, *City of Tucson v. Clear Channel Outdoor*, 209 Ariz. 544, 553, ¶ 34, 105 P.3d 1163, 1172 (2005).

¶ 16 Our conclusion that the legislative body exception contained in § 23–615(6)(d)(iii)(B) applies to tribal employment is bolstered by the fact that such an interpretation extends the precise exclusions to tribal employees that federal law permits the states to exclude. Legislative history demonstrates that such consistency in unemployment insurance coverage was the impetus behind Arizona's adoption of § 23–751.01.

¶ 17 The Board correctly deemed Robbins ineligible for unemployment insurance benefits based on his lack of qualifying wages. Robbins' only argument against the overpayment determination is that he was statutorily entitled to receive the underlying benefits—a claim we have now rejected.

## CONCLUSION [2]

¶ 18 We affirm the Board's determination that Robbins was ineligible for unemployment insurance benefits and that he was overpaid benefits in the sum of $2,160.

CONCURRING: MAURICE PORTLEY and PHILIP HALL, Judges.

2. For the first time on appeal, Robbins contends he was entitled to benefits because Council delegates are "common law employees" under the Navajo Code. Although we do not typically address legal arguments raised for the first time on appeal, *Cullum v. Cullum*, 215 Ariz. 352, 355 n. 5, ¶ 14, 160 P.3d 231, 234 n. 5 (App.2007) (citation omitted), we note that Robbins' ineligibility was not based on a determination that he was an independent contractor versus a tribal employee.