NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE CELESTINO S.

No. 1 CA-JV 16-0142
FILED 9-22-2016

Appeal from the Superior Court in Maricopa County
No. JV558543
The Honorable James P. Beene, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Logan Mussman
*Counsel for Appellant*

Maricopa County Attorney's Office, Mesa
By Karen Sciarrotta
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

**T H U M M A**, Judge:

¶1        Celestino S. appeals the superior court's order committing him to the Arizona Department of Juvenile Corrections (ADJC), arguing Arizona Revised Statutes (A.R.S.) section 8-342(A)(3) (2015)[1] forbids the commitment to ADJC of a dependent child in all circumstances. Because the superior court did not err, the commitment order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        By February 2016, Celestino had been found a dependent child. *See* A.R.S. § 8-201(14)(a) (2016).[2] At a February 2016 delinquency hearing, after an appropriate colloquy, the superior court accepted a plea agreement in which Celestino pled delinquent to his ninth, tenth and eleventh referrals. The most serious charge to which he pled delinquent was aggravated assault on a firefighter, a Class 6 designated felony. *See* A.R.S. § 13-1204. The written plea agreement stated the court would decide the consequences, noting it was "possible that, instead of probation, a juvenile may be sent to the [ADJC] until his/her 18th birthday." *Accord* A.R.S. § 8-341(A)(1)(e) (authorizing commitment of delinquent juvenile to ADJC).

¶3        At a disposition hearing the next month, just before Celestino turned 17 years old, his attorney argued A.R.S. § 8-342(A)(3) (2015) prohibited the commitment of Celestino to ADJC because he was a dependent child. After briefing and oral argument on the issue, the superior court harmonized the two statutes "by interpreting A.R.S. § 8-342(A)(3) (2015) to preclude awarding a dependent child to ADJC if that child is only dependent and has not been adjudicated delinquent. Any other interpretation of these statutes would be illogical." The court then considered dispositional recommendations and committed Celestino to ADJC. Celestino then timely appealed his commitment. This court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, A.R.S. § 12-120.21(A)(1), 13-4031 and -4033(A) and Arizona Rules of Procedure for the Juvenile Court 103-04.

---

[1] The Legislature amended this provision earlier this year. 2016 Ariz. Sess. Laws, ch. 134, § 4. Because the superior court committed Celestino to the ADJC in March 2016, this court interprets the statutes in effect at that time.

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**DISCUSSION**

**I. The Superior Court Did Not Err By Committing Celestino To ADJC.**

**¶4** Interpretation of statutes and rules is reviewed de novo. *Haag v. Steinle*, 227 Ariz. 212, 214 ¶ 9 (App. 2011). "Statutes must be given a sensible construction which will avoid absurd results." *Lake Havasu City v. Mohave County*, 138 Ariz. 552, 557 (App. 1983); *see also State v. Walker*, 181 Ariz. 473, 480 (App. 1995) (courts decline interpretation that results in an absurdity).

**¶5** The statute upon which Celestino relies reads as follows:

> A child who is any of the following shall not be committed or awarded to the [ADJC]:
>
> 1. Adjudicated delinquent for an offense that is not a felony unless the child has been previously adjudicated delinquent for an offense that is a felony or is seriously mentally ill.
>
> 2. Under fourteen years of age.
>
> 3. A dependent or incorrigible child.

A.R.S. § 8-342(A) (2015). Because he was a dependent child at the time of the commitment, Celestino argues A.R.S. § 8-342(A)(3) (2015) prohibits that commitment. Celestino, however, was not committed to ADJC as a dependent child, which A.R.S. § 8-342(A)(3) (2015) would have prohibited. Instead, he was committed to ADJC after having been found delinquent for a felony pursuant to A.R.S. § 8-341(A)(1)(e).

**¶6** Celestino argues the text of A.R.S. § 8-342(A)(3) (2015), particularly the use of the word "shall," prohibits the commitment to ADJC of a dependent child adjudicated delinquent for a felony. However, this provision must be read in conjunction with A.R.S. § 8-341 to harmonize the two provisions. *Adrian E. v. Dep't of Child Safety*, 239 Ariz. 240, 242 ¶ 9 (App. 2016) ("We also read . . . statutes in conjunction with each other and harmonize them whenever possible.") (citation omitted). Reading the two provisions together, and avoiding "impossible or absurd results," *see E.R. v. Dep't of Child Safety*, 237 Ariz. 56, 58 ¶ 10 (App. 2015), A.R.S. § 8-342(A)(3) (2015) prohibits committing a dependent child to ADJC who is also not eligible for commitment as a delinquent juvenile.

¶7            Earlier this year, the Legislature amended A.R.S. § 8-342(A)(3) to confirm this reading. To "clarif[y] that if a child meets the requirements to be placed in ADJC, including being 14 or older and adjudicated delinquent as specified, the child may be committed to ADJC even if the child is dependent or incorrigible," the Legislature amended A.R.S. § 8-342(A)(3) to prohibit the commitment to ADJC of "[a] dependent or incorrigible child unless the child is adjudicated delinquent and is not excluded" A.R.S. § 8-342(A)(1) or (2). Senate Final Amended Fact Sheet for H.B. 2260 (2016) at 2, http://www.azleg.gov/legtext/52leg/2r/summary/ s.2260hhs_asenacted.pdf. Celestino argues the current text of A.R.S. § 8-342(A)(3) show that the amendment "chang[ed] the current version of A.R.S. § 8-342(A)(3), in order to permit commitment to ADJC of a child who is both delinquent and dependent," meaning the prior version prohibited the commitment of such a person to ADJC. Celestino's argument, however, runs counter to the statement in the fact sheet that the amendment "clarifies" that a dependent and delinquent juvenile could be committed, provided the juvenile was eligible for commitment under A.R.S. § 8-341(A)(1)(e). "Subsequent legislation which clarifies the statutory scheme, although not necessarily controlling, is strongly indicative of the legislature's original intent." *Arizona Board of Regents v. State ex rel. State of Arizona Public Safety Retirement Fund Manager Administrator*, 160 Ariz. 150, 157 (App. 1989). And even without regard to the fact sheet, Celestino's argument runs counter to the directive to construe statutes to avoid impossible or absurd results. *See E.R.*, 237 Ariz. at 58 ¶ 10.

¶8            For these reasons, A.R.S. § 8-342(A)(3) (2015) does not prohibit the superior court from committing to the ADJC a delinquent juvenile eligible for commitment under A.R.S. § 8-341(A)(1)(e) merely because the juvenile also has been adjudicated dependent. Thus, because Celestino was eligible for commitment under A.R.S. § 8-341(A)(1)(e) for his adjudication for a felony offense, and given his age, his commitment to the ADJC did not run counter to A.R.S. § 8-342(A)(3) (2015).

## CONCLUSION

**¶9**　　　Because the superior court did not err, Celestino's disposition is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:　AA