IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ROBERT LOUIS HISKETT, *Petitioner*,

*v.*

THE HONORABLE RICK LAMBERT, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MOHAVE,
*Respondent Judge*,

STATE OF ARIZONA ex rel. MATTHEW J. SMITH, MOHAVE COUNTY
ATTORNEY, *Real Party in Interest*.

No. 1 CA-SA 19-0119
FILED 10-1-2019

---

Petition for Special Action from the Superior Court in Mohave County
No. CR-2018-01854
The Honorable Richard D. Lambert, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED IN PART**

---

COUNSEL

American Civil Liberties Union Foundation of Arizona, Phoenix
By Jared G. Keenan, Kathleen E. Brody, Marty Lieberman
*Co-Counsel for Petitioner*

Aspen, Watkins & Diesel, P.L.L.C., Flagstaff
By Michael J. Wozniak
*Co-Counsel for Petitioner*

Mohave County Attorney's Office, Kingman
By Megan McCoy, Jacob Cote
*Counsel for Real Party in Interest*

Pima County Public Defender's Office, Tucson
By David J. Euchner
*Counsel for Amicus Curiae Arizona Attorneys for Criminal Justice*

Coconino County Public Defender's Office, Flagstaff
By Sandra L.J. Diehl
*Counsel for Amicus Curiae Arizona Public Defender Association*

Arizona Attorney General's Office, Phoenix
By Rusty D. Crandell, Anthony R. Napolitano
*Counsel for Amicus Curiae Arizona Attorney General*

---

**OPINION**

Judge Lawrence F. Winthrop delivered the opinion of the Court, in which Presiding Judge Paul J. McMurdie and Chief Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

¶1        Arizona Revised Statutes ("A.R.S.") section 13-3967(E)(1) mandates that persons charged with certain bailable sex offenses be subject to electronic monitoring "where available." In this special action, we address a question raised but not directly answered by § 13-3967(E)(1): Must the defendant pay the cost of that pretrial electronic monitoring? We answer that question in the negative, and we also address other issues raised by the parties.

¶2        Robert Louis Hiskett ("Petitioner"), whose criminal charges trigger the application of A.R.S. § 13-3967(E)(1), challenges the superior court's pretrial release orders requiring him to pay for electronic location monitoring and later requiring him to post bond in the amount of $100,000 or be jailed pending trial. Petitioner argues the cost of pretrial electronic location monitoring must not be imposed on pretrial defendants. He also argues the superior court failed to properly determine whether such monitoring was "available" under § 13-3967(E)(1) and failed to conduct the proper inquiry regarding the bond. For the following reasons, we accept

2

special action jurisdiction, grant relief in part, and direct the superior court to conduct further proceedings consistent with this opinion.

**FACTS AND PROCEDURAL HISTORY**

¶3  Petitioner is facing three counts of sexual conduct with a minor under fifteen years of age, each a class two felony and a dangerous crime against children.

¶4  In December 2018, the superior court released Petitioner on his own recognizance pending trial. Given the nature of the charges, A.R.S. § 13-3967(E)(1) required the court to impose "[e]lectronic monitoring where available." The court ordered Petitioner "to wear a GPS monitoring device within 48 hours of [his release] and [be] responsible for all costs associated with it."

¶5  Petitioner began wearing an electronic location monitoring device from a monitoring service provider that contracted with the Mohave County probation department. Petitioner was required to make a $150 down payment and pay a charge of more than $10 per day or approximately $400 per month for the monitoring device. Because he was released on his own recognizance, Petitioner was able to maintain his job, and the court approved his travel to California for work.

¶6  In April 2019, contending he could not afford the continued monthly cost of the electronic monitoring, Petitioner moved to modify his release conditions. Petitioner argued Mohave County must bear the cost of pretrial electronic monitoring services ordered under A.R.S. § 13-3967(E)(1), and that the county could not pass that cost onto him. He also argued that subsection (E)(1) is unconstitutional, facially and as applied, under both the United States and Arizona constitutions.

¶7  At the May 16, 2019 hearing on the motion, Petitioner was represented by defense counsel and an attorney from the American Civil Liberties Union ("ACLU"), and the State was represented by an attorney from the Mohave County Attorney's Office. Petitioner argued that (1) the categorical requirement of electronic monitoring as a pretrial condition for individuals charged with specified sexual offenses violates the state and federal constitutional protections against unreasonable searches, excessive bail, and the guaranteed protection of due process, and (2) even if the statute is constitutional, Mohave County is required to pay for the monitoring because the statute does not expressly authorize the county to impose that cost onto a pretrial defendant. The State took no position and offered no argument or evidence related to the motion.

¶8            Despite receiving no evidence to support its subsequent ruling, the superior court determined that, under subsection (E)(1), electronic location monitoring was not "available" in Mohave County because the county was unable and/or unwilling to bear that expense, and it was impractical for the county to seek reimbursement as part of sentencing if Petitioner is convicted.    The court also determined the unavailability of government-paid monitoring constituted a "change in circumstances," revoked the own-recognizance release order, and imposed a $100,000 secured bond.    Because Petitioner could not post that bond, the court took him into custody, and he then filed this petition for special action asserting the court had abused its discretion by changing his release status and/or by not addressing his constitutional arguments.

¶9            After Petitioner filed his petition in this court, the superior court issued a May 30, 2019 order staying the entire criminal prosecution pending resolution of the petition.    On June 7, we issued an order vacating the requirement that Petitioner post a $100,000 bond and vacating the superior court's order removing Petitioner from electronic monitoring status.    This effectively returned Petitioner to own-recognizance release with monitoring status and required Petitioner to pay the cost of the monitoring service pending resolution of the special action.[1]    We also vacated the superior court's May 30 order, noting that the trial proceedings may continue unabated by the special action proceedings.    Finally, we ordered supplemental briefing by the parties and invited other interested parties to file amicus briefs.[2]

---

[1]        We have since amended this order to remove the condition that Petitioner bear the pretrial cost of electronic location monitoring.

[2]        Our order directing supplemental briefing required the parties to address several specific issues.    Without notifying this court, Mohave County elected to not file a supplemental brief or otherwise respond in writing to the several issues identified in our order.    Mohave County's non-compliance with this court's order, and its failure to advise the court of its apparently deliberate decision not to comply, is unacceptable and implicates several rules of professional conduct. *See* Ariz. R. Sup. Ct. 42, ER 1.3 (diligence), 3.3 (candor toward the tribunal), 8.4(d) (misconduct by engaging in conduct prejudicial to the administration of justice); *see also* Ariz. R. Sup. Ct. 41(c) (maintaining the respect due to courts of justice and judicial officers).

## SPECIAL ACTION JURISDICTION

**¶10**　　　　Because the pretrial release issues raised here will become moot if not reviewed by special action, Petitioner has no equally plain, speedy, and adequate remedy by appeal. *See* Ariz. R.P. Spec. Act. 1(a); *Haag v. Steinle*, 227 Ariz. 212, 214, ¶¶ 4-5 (App. 2011). Additionally, the petition raises legal questions of first impression and statewide importance that could recur in other cases and evade appellate review.[3] *See id.*; *see also State v. Bernini ex rel. Pima Cty.*, 230 Ariz. 223, 225, ¶ 5 (App. 2012) (citing *State ex rel. Romley v. Martin*, 203 Ariz. 46, 47, ¶ 4 (App. 2002) ("Special action jurisdiction is appropriate in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again.")). Accordingly, we accept special action jurisdiction.

## ANALYSIS

### I.　　　The Cost Burden of A.R.S. § 13-3967(E)

**¶11**　　　　We first address whether the cost of pretrial electronic location monitoring may be imposed upon a defendant. Subsection (E) of A.R.S. § 13-3967 provides that, in addition to other conditions of release,

> the judicial officer shall impose . . . the following condition[] on a person who is charged with a felony violation of [A.R.S. § 13-3551 et seq.] . . . and who is released on his own recognizance or on bail:

> 1. Electronic monitoring where available.

**¶12**　　　　Whether subsection (E)(1) permits a court to impose pretrial electronic monitoring costs on a defendant is a matter of statutory interpretation, which we review *de novo*. *State v. Kearney ex rel. Pima Cty.*, 206 Ariz. 547, 549, ¶ 5 (App. 2003). In interpreting a statute, we look first to the words of the statute. *Kriz v. Buckeye Petroleum Co.*, 145 Ariz. 374, 377 (1985). If the language is clear and unambiguous, we apply it without turning to other methods of statutory interpretation. *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268 (1994). If more than one rational interpretation of a statute exists, however, we employ tools of statutory construction to discern the

---

[3]　　　At least two other pretrial defendants in Mohave County this year have challenged mandatory electronic location monitoring as a pretrial release condition under A.R.S. § 13-3967(E)(1). *See Martinez v. Sipe ex rel. Mohave County*, 1 CA-SA 19-0034 (order filed Feb. 20, 2019); *Brown v. Sipe ex rel. Mohave County*, 1 CA-SA 19-0035 (order filed Feb. 20, 2019).

proper interpretation. *Id.* We will not read into a statute anything not within the clear intent of the legislature as indicated by the statute itself, nor will we "inflate, expand, stretch[,] or extend a statute to matters not falling within its express provisions." *City of Tempe v. Fleming*, 168 Ariz. 454, 457 (App. 1991) (quoting *City of Phoenix v. Donofrio*, 99 Ariz. 130, 133 (1965)).

¶13        Subsection (E)(1), and indeed all of Title 13, is silent as to who should bear the cost of pretrial electronic monitoring. When a statute is silent regarding an issue, "we must look beyond the statutory language and consider the statute's effects and consequences, as well as its spirit and purpose." *Calmat of Ariz. v. State ex rel. Miller*, 176 Ariz. 190, 193 (1993) (citing *Kriz*, 145 Ariz. at 377).

¶14        Here, the superior court believed the cost should be borne by Petitioner. Mohave County has taken no position, and the Arizona Attorney General agrees with Petitioner that the financial burden should be borne by the county. We agree with Petitioner and the Attorney General that *State v. Reyes*, 232 Ariz. 468 (App. 2013), supports the proposition that counties are not authorized to shift the costs of pretrial electronic monitoring to defendants under § 13-3967(E)(1).

¶15        In *Reyes*, the superior court ordered the defendant, a convicted felon, to submit to DNA testing and pay the applicable fee for the cost of the testing pursuant to A.R.S. § 13–610. 232 Ariz. at 471, ¶ 8. Reyes objected, arguing the order violated his due process rights because the statute does not authorize the court to impose a fee. *Id.* This court held that the legislature's failure to "specifically state that a convicted felon has to pay" the costs associated with statutorily mandated DNA testing left "no basis" for a court to order that he do so. *Id.* at 472, ¶ 11. As this court noted, if the legislature wanted convicted felons to pay the cost of mandatory DNA testing, "we presume it would say so expressly, as it has done so in other statutes." *Id.* (citing A.R.S. §§ 13-902(G), 31-467.06(A), and 11-459(K)).

¶16        Here, as in *Reyes*, the statute at issue imposes a mandatory release condition but does not identify who must pay the cost of implementing this condition. *See id.* at 471, ¶ 9. If the superior court in *Reyes* could not order a convicted felon to pay for mandatory DNA testing where the statute was silent about cost shifting, the same reasoning applies here—and with greater force—where Petitioner is accused of certain crimes but has not yet been tried, much less convicted. Thus, the superior court here lacked the statutory authority to order that Petitioner bear the cost of electronic location monitoring during his pretrial release.

¶17        The legislative history of A.R.S. § 13-3967(E)(1) also supports our conclusion.    Committee minutes taken during consideration of subsection (E) indicate that legislators added the "where available" language "so counties in which [electronic monitoring] is not available would not have an additional incurred cost."    Minutes of the House Appropriations Committee, 45th Leg., 2nd Reg. Sess. at 4 (April 8, 2002), *quoted in Haag v. Steinle*, 227 Ariz. at 215, ¶ 11.   The issue in *Haag* was whether the superior court had the discretion to allow an out-of-state defendant to be released to a location beyond the coverage of the local monitoring system.   227 Ariz. at 213, 216, ¶¶ 1, 3, 16.   This court relied in part on the committee minutes to reject the State's argument that the phrase "where available" required the defendant to be released in Maricopa County rather than in his home city in which electronic monitoring was unavailable.   *Id.* at 214-15, ¶¶ 7, 11-12.   Instead, we determined "that the 'where available' language came about in recognition of the fiscal reality that not all counties have electronic monitoring capabilities."   *Id.* at 215, ¶ 12.   *Haag*'s analysis of the legislative history of subsection (E) further demonstrates that, although counties are not necessarily required to invest in location monitoring devices, counties that utilize such devices may not require accused defendants such as Petitioner to pay the cost.[4]

## II.        The Superior Court's Determination of "Where Available"

¶18        Petitioner maintains the superior court abused its discretion and denied him due process when it concluded that electronic location monitoring is not available in Mohave County and then imposed a secured bond of $100,000 on him.  In reviewing the court's determination, we will sustain the ruling if reasonable evidence in the record supports it.  *See State v. Veatch*, 132 Ariz. 394, 396 (1982).

¶19        As we have recognized, the phrase "where available" in subsection (E)(1) derived from a legislative recognition that some counties may not have electronic monitoring "capabilities."  *Haag*, 227 Ariz. at 215, ¶ 12.   In *Haag*, this court remanded the matter to the superior court to "exercise its discretion and decide whether to release Haag to his

---

[4]        We recognize a difference between imposing electronic monitoring on a pretrial defendant who has not yet been convicted and imposing it on a probationer who has, in fact, been convicted, *see generally* A.R.S. § 13-902(G) ("The court may impose a fee on the probationer to offset the cost of the monitoring device required by this subsection."), and we do not address whether retroactively imposing the cost of pretrial electronic location monitoring is a permissible fee or fine as a result of that conviction.

[out-of-state] home . . . without electronic monitoring," and further advised that the court could "consider the unavailability of electronic monitoring in [Haag's hometown] as a factor relevant to the release determination." *Id.* at 216, ¶ 16.

**¶20** Relying in part on this language from *Haag*, we interpret the phrase "where available" in A.R.S. § 13-3967(E)(1) as encompassing actual availability of the service as well as the financial ability of the county to pay the costs of the electronic location monitoring. In this case, no record was developed in the superior court as to either the resources or providers available for such monitoring or Mohave County's ability to pay for that monitoring.[5] Instead, the superior court made unsupported anecdotal statements regarding its personal impression of the county's willingness and ability to pay for electronic location monitoring, and expressed concern over potential political repercussions if it ordered the county to pay, noting "one example of what happened when a commissioner tried to follow the law and force the county to pay for [electronic monitoring] and what the board of supervisors tried to do to that commissioner for applying that law."[6] The court then concluded that electronic location monitoring is "not available in Mohave County."

**¶21** Here, the practical availability of electronic location monitoring in Mohave County cannot reasonably be disputed: monitoring is available at a cost. But no evidence was presented at the May 16 hearing regarding the county's ability to pay for monitoring, and the record otherwise contains no such evidence.[7] With no evidence regarding Mohave

---

[5] At oral argument before this court, both counsel for the ACLU and the Attorney General represented that when a court imposes pretrial electronic location monitoring in other Arizona counties under § 13-3967, the other counties are picking up the cost and do not consider such electronic monitoring unavailable for financial reasons.

[6] The court did not otherwise specify the repercussions to which it referred.

[7] The only evidence identified on appeal is an e-mail exchange between a Mohave County probation administrator and a defense attorney concerning pretrial electronic monitoring options for the defendants in the earlier special actions. *See supra* note 3. There is nothing to indicate those e-mails were submitted to the superior court as part of the record in this case; more importantly, that e-mail exchange merely reflects that the

County's electronic monitoring capabilities, the superior court abused its discretion in reaching the unsupported conclusion that such monitoring was not available in Mohave County. Accordingly, that determination must be vacated, and the superior court is directed to hold a hearing and develop a record on the availability of electronic monitoring in Mohave County. The hearing must address (1) the county's ability to bear the expense, either on an in-house basis or through contractual arrangement with a private provider, and (2) the cost (and possible cost savings) of electronic monitoring versus pretrial incarceration, both incrementally and as a whole.[8] If the superior court determines that electronic location monitoring is "available" in Mohave County, then Petitioner must remain reinstated on such monitoring, at the county's expense, subject to the previous restrictions imposed by the court, and barring any change in circumstance affecting such reinstatement. *See* A.R.S. § 13-3967(C).

### III. Other Considerations

**¶22** If the superior court determines that electronic location monitoring is not "available" in Mohave County, then such condition cannot be imposed, and the superior court may consider that a change in circumstances allows the court to redetermine "the method of release or the amount of bail." *See* A.R.S. § 13-3967(B). In making such a redetermination, however, the superior court must make an individualized assessment of what release conditions and/or bail are appropriate based on a factual record developed at an evidentiary hearing. At the hearing, the court must consider and weigh all enumerated statutory factors found in A.R.S. § 13-3967(B), as well as any other factors supported by the evidence that the court deems relevant, and make a record of its findings as to each factor—something the court failed to do at the May 16 hearing or in its subsequent minute entry.

---

probation department did not have funds *allocated* to bear the cost of pretrial electronic monitoring, and that a decision had been made to have pretrial defendants instead contract with and directly pay an outside provider for that service.

[8]    It would seem difficult if not impossible to conclude that electronic monitoring is financially unavailable if the additional cost of holding a pretrial defendant in jail is greater than the cost of placing that same person on electronic monitoring. Assuming this to be true, the county may not simply elect to render monitoring unavailable by refusing to pay for it.

**¶23** Finally, we note that the parties have raised numerous arguments regarding the constitutionality of the superior court's prior rulings on electronic location monitoring and the bail imposed. As our supreme court has observed, "[W]e should resolve cases on non-constitutional grounds in all cases where it is possible and prudent to do so." *State v. Korzuch*, 186 Ariz. 190, 195 (1996). Moreover, because the superior court's rulings have been vacated and/or revised and are subject to further consideration by the superior court, any comment by this court considering such potential issues would be advisory. *See Progressive Specialty Ins. Co. v. Farmers Ins. Co. of Ariz.*, 143 Ariz. 547, 548 (App. 1985) (recognizing that appellate courts should not give advisory opinions or decide issues unnecessary to the disposition of an appeal). Accordingly, we do not address those arguments at this time.

## CONCLUSION

**¶24** We accept jurisdiction and grant relief in part, concluding that A.R.S. § 13-3967(E)(1) provides no authority for imposing the cost of pretrial electronic location monitoring on a defendant. Additionally, we direct the superior court to hold a hearing on whether electronic monitoring is "available" in Mohave County and, if necessary, to redetermine the method of release or the amount of bail based on an individualized assessment of the factors outlined in A.R.S. § 13-3967(B).



AMY M. WOOD • Clerk of the Court
FILED: AA