NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

EZRA CALEB LANGHAM, *Petitioner/Appellant*,

*v.*

JAMIE LEE KREBSBACH, *Respondent/Appellee*.

No. 1 CA-CV 22-0394 FC
FILED 3-30-2023

Appeal from the Superior Court in Maricopa County
No. FC2017-000223
The Honorable Gregory Como, Judge

**AFFIRMED**

COUNSEL

The Law Office of Joel L. Brand, Peoria
By Joel L. Brand
*Counsel for Petitioner/Appellant*

Ashley Donovan Law PLLC, Tempe
By Ashley Donovan
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Vice Chief Judge David B. Gass and Judge Maurice Portley[1] joined.

---

**F U R U Y A**, Judge:

¶1        Ezra Langham appeals superior court orders regarding parenting time, legal decision-making, and child support concerning his and Jamie Krebsbach's minor child ("Charles"[2]). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Charles was born in October 2016. In January 2017, Langham filed a petition to establish paternity, for sole legal decision-making authority, for Krebsbach to pay him child support, and to limit Krebsbach's interactions with Charles to supervised parenting time only. The court entered final orders in March 2018. Because of Krebsbach's mental health struggles, the court awarded Langham sole legal decision-making authority, the majority of the parenting time, and child support of $542.95 per month. It also granted Krebsbach supervised parenting time. As part of its resolution of the case, and to facilitate Krebsbach's return to unsupervised parenting time, the court ordered her to undergo mental health treatment under the supervision of court-appointed therapeutic interventionist, Dr. Raymond E. Branton, PsyD, LP.

¶3        More than two years later in September 2020, Langham initiated the present litigation by filing a petition to modify parenting time, child support, and to hold Krebsbach in contempt for non-payment of child support. At Langham's request, the court again appointed Dr. Branton to serve as therapeutic interventionist. In January 2021, Krebsbach filed a counter-petition, also requesting modification of legal decision-making, parenting time, and child support. In June, the court adopted Dr. Branton's

---

[1]        The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]        We use a pseudonym to protect the identity of the minor child.

findings suggesting Krebsbach's mental health had significantly improved and awarded her increased, unsupervised parenting time with Charles. The superior court also ordered Dr. Branton to provide both parties with "all medical/counseling records he receives" regarding Krebsbach's ongoing treatment. Finally, the court set a trial date for September 2021 and ordered that discovery and disclosure be completed at least 30 days before trial and used the same deadline for the parties to file any motions to continue.

¶4         About two months before the trial, Langham moved to compel Dr. Branton to release Krebsbach's medical and counseling records, asserting he had not received them all. After the 30-day deadline had passed, Langham served Krebsbach with discovery requests and moved to convert the trial to a status conference (a de facto motion to continue) to give him time to compel disclosure of all Krebsbach's records. The court denied both motions and proceeded to hold the trial as scheduled.

¶5         After the trial, the court awarded Krebsbach joint legal decision-making and increased her parenting time, but deferred addressing modification for child support. In a final judgment entered April 2022, the court modified its child support order, considering both Krebsbach's payment defaults and Langham's Veteran Administration disability benefits. The court also entered an equal health insurance adjustment for Charles's health insurance, although Langham pays $354 per month and Krebsbach pays $108 per month.

¶6         Langham timely appealed both orders, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

### I.        Standard of Review

¶7         We review orders for legal decision-making, parenting time, and child support for an abuse of discretion. *DeLuna v. Petitto*, 247 Ariz. 420, 423 ¶ 9 (App. 2019); *In re Marriage of Robinson & Thiel*, 201 Ariz. 328, 331 ¶ 5 (App. 2001). "[A]n abuse of discretion 'is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 83 ¶ 19 (App. 2005) (citation omitted). We will not disturb a court's factual findings supported by substantial evidence. *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009). We review statutes de novo. *Haag v. Steinle*, 227 Ariz. 212, 214 ¶ 9 (App. 2011).

## II.  Legal Decision-Making and Parenting Time

**¶8**         To modify an order for legal decision-making and parenting time, a court must find there has been a "change of circumstances materially affecting the welfare of the child" and that the modification is in the child's best interests. *Backstrand v. Backstrand*, 250 Ariz. 339, 343 ¶ 14 (App. 2020) (citation omitted). The court has broad discretion to decide if there was a change of circumstances. *Id.*

**¶9**         Here, Langham argues the court erred by modifying the parties' legal decision-making authority and parenting time, insisting there was no material change of circumstances to permit such a modification. But the record does not support Langham's position. Dr. Branton testified that Krebsbach's mental health had improved and that she had been complying, at least in part, with the mental health treatment ordered. Additionally, the court found Krebsbach has had successful parenting time with Charles, who has become well-adjusted in her home and has developed a relationship with her daughters. As part of the analysis, the court also weighed Krebsbach's level of compliance with the earlier orders. Thus, substantial evidence of a material change in circumstances exists to support the court's finding of a substantial change in circumstances and a modification would be in Charles's best interests. *See id.*

**¶10**        Based on the findings, the court then properly considered the A.R.S. § 25-403 factors and found awarding joint legal decision-making and increasing Krebsbach's unsupervised parenting time was in Charles's best interests. At bottom, Langham asks us to reweigh the evidence, which we will not do. *See Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284 ¶ 20 (App. 2019). And contrary to Langham's arguments, current analysis of the § 25-403 factors—not three-year old superior court orders—must guide the superior court in deciding whether the modification is presently in a child's best interests. Accordingly, the court did not err in modifying its previous order. *Hurd*, 223 Ariz. at 52 ¶ 16.

**¶11**        Langham also argues the court erred by refusing to continue the trial despite Dr. Branton's alleged failure to provide him with all Krebsbach's medical records. But prior to trial, the court denied Langham's motion to compel disclosure of the records. Thus, Langham's argument fails unless the court's denial of his motion to compel was also in error.

**¶12** We review the court's ruling on a motion to compel discovery for an abuse of discretion. *See Romley v. Schneider*, 202 Ariz. 362, 363 ¶ 5 (App. 2002). And we will not substitute our judgment for the court's management of its cases if parties have a reasonable opportunity to present evidence. *See Volk v. Brame*, 235 Ariz. 462, 468 ¶¶ 20–21 (App. 2014).

**¶13** Here, Langham filed his discovery requests for disclosure of Krebsbach's records less than 30 days before trial, in violation of the court's discovery cutoff deadline. The same was true of his de facto request to continue the trial. And as the court observed, the case had been pending for about a year when Langham had filed his motion, during which time Langham could have more diligently sought the records. Further, the court had already advised Langham it was not focused on Krebsbach's earlier treatment history but was instead interested in the parties' current circumstances and their impact on Charles's best interests, thereby signaling that the evidence Langham was seeking to compel was of limited significance to the court's analysis.

**¶14** Most importantly, the court heard sufficient evidence to evaluate whether it was in Charles's best interests to order joint legal decision-making authority and more parenting time for Krebsbach. Therefore, the court did not abuse its discretion by modifying the legal decision-making and parenting time order or by refusing to continue the evidentiary hearing on the petition to modify.

## III. Child Support Issues Settled

**¶15** In a Notice of Settlement filed with this court on March 23, 2023, the parties advised that they had reached an agreement pertaining to child support. The parties advise that their settlement has mooted Langham's arguments on appeal related to (1) inclusion of his Veteran Administration disability benefits for purposes of calculating child support, and (2) the equal amount of adjustment the superior court used for Charlie's health insurance premiums. Because the parties agree that these two issues are now moot, we will not address them further.

**CONCLUSION**

**¶16**      We affirm.

**¶17**      As the prevailing party on appeal, we award Krebsbach her costs upon compliance with Arizona Rules of Civil Appellate Procedure 21. Upon consideration and in exercise of our discretion, we decline to award her request for attorney's fees.



AMY M. WOOD • Clerk of the Court
FILED:    AA