NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

TARA JANE BROWN, *Petitioner/Appellee,*

*v.*

JEFFREY R. SMITH, *Respondent/Appellant.*

No. 1 CA-CV 24-0164 FC

FILED 10-17-2024

Appeal from the Superior Court in Maricopa County
No. FC2012-090788
The Honorable Keith A. Miller, Judge

**AFFIRMED**

COUNSEL

Alongi Law Firm, PLLC, Phoenix
By Thomas P. Alongi, Elizabeth A. Alongi
*Counsel for Petitioner/Appellee*

Reynolds Legal Group, PLLC, Flagstaff
By Michael T. Reynolds
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Michael J. Brown and Judge Daniel J. Kiley joined.

---

**W I L L I A M S**, Judge:

**¶1**        Jeffrey Smith ("Father") appeals the superior court's attorney's fee award to Tara Brown ("Mother"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        Father and Mother married in 1999 and divorced by consent decree in 2014. Among other things, the parties agreed to a parenting plan and to share joint legal decision-making authority for their three children.

**¶3**        In the years that followed, the parents' willingness to work together on matters concerning their children eroded, resulting in ongoing litigation. In 2021, Father petitioned the court to hold Mother in contempt for failing to include him in decisions about the children's schooling, medical care, and activities. Two months later, Mother petitioned to modify legal decision-making authority and parenting time.

**¶4**        The court held a trial on both petitions in 2023, denying Father's petition for contempt as well as Mother's request for sole legal decision-making authority. The court did, however, adjust Father's parenting time and child support obligation. And, after finding that both parents "acted unreasonably in the litigation," and Father had "considerably more resources" than Mother, the court ordered Father to "pay a portion, presumably 40%, of Mother's reasonable attorney fees and costs." The court later awarded Mother $12,500 in fees and costs (approximately twenty-five per cent of the total amount she requested).

**¶5**        Father timely appealed that award. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

¶6 Father argues the superior court erred by failing to include Mother's current spouse's income when determining her "financial resources" for purposes of an award of attorney's fees under A.R.S. § 25-324.

¶7 We review an attorney's fees award for an abuse of discretion, *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2004), and will not reverse the award "if there is any reasonable basis for it." *In re Marriage of Gibbs*, 227 Ariz. 403, 410, ¶ 20 (App. 2011) (quotation omitted). We interpret the meaning of a statute *de novo*. *Haag v. Steinle*, 227 Ariz. 212, 214, ¶ 9 (App. 2011).

¶8 Section 25-324(A) gives a court discretion to award reasonable attorney's fees to either party after considering "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." But after considering both, a court may grant an attorney fee award based upon either factor alone. *See Magee v. Magee*, 206 Ariz. 589, 591, ¶ 8 n.1 (App. 2004) ("[A]n applicant need not show both a financial disparity and an unreasonable opponent in order to qualify for consideration for an award."). And because Father never requested written findings of fact nor conclusions of law pursuant to A.R.S. § 25-324(A) or Arizona Rule of Family Law Procedure 82, the court had no duty to explain how it allocated the fee award between the two factors. A.R.S. § 25-324(A) ("On request of a party . . . the court shall make specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of reasonableness of positions."); Ariz. R. Fam. Law. P. 82 ("If requested before trial, the court must make separate findings of fact and conclusions of law."). We presume the superior court found every fact necessary to support its ruling. *Horton v. Mitchell*, 200 Ariz. 523, 526, ¶ 13 (App. 2001).

¶9 The court found that both parties acted unreasonably, but that Father had frustrated the discovery process more than Mother had and was unreasonable more frequently than Mother was:

> [Mother] and [Father] acted unreasonably in the litigation. Specifically, [Mother] and [Father] acted unreasonably by doing the following: Both parties have been warring on this case in ways that are unreasonable. Both parties have, at times, taken precisionist interpretations of the parenting plan in a way that has multiplied litigation costs. Father has done

this even more frequently than Mother, but Mother has also been intransigent at times. Additionally, Father obstructed the discovery process by resisting his scheduled deposition.

Record evidence supports the court's findings. Consequently, the court was within its discretion to award Mother attorney's fees based upon Father's unreasonableness *alone* so long as it also considered the parties' financial resources, which the court did. *See Magee*, 206 Ariz. at 591, ¶ 8 n.1.

**¶10** Father focuses his argument on the court's financial disparity finding:

[T]here is substantial disparity of financial resources between the parties. Because of the disparity [Father] has considerably more resources available to contribute toward [Mother]'s attorney fees and costs.

**¶11** Father provides no legal authority to support his position that the court was required to consider Mother's community property interest in her current spouse's income, *see* A.R.S. § 25-211(A), when determining her "financial resources" under A.R.S. § 25-324. Ariz. R. Civ. App. P. 13(a)(7)(A) (requiring Appellant to provide "citations of legal authorities" for each issue raised on appeal). But even if, *arguendo*, the court's financial resources finding was error, it would not necessarily invalidate the court's attorney fee award based upon its unreasonableness finding, discussed *supra* ¶ 9.

**¶12** The term "financial resources" is not defined in Title 25. But Father contends that related Title 25 statutes provide guidance. For example, though Father concedes a spouse's income is expressly excluded from consideration of either parent's financial resources when determining child support, *see* A.R.S. § 25-320 app. ("Guidelines") § II.A.2.c, he argues that a spouse's income is considered for spousal maintenance purposes. Father relies on A.R.S. §§ 25-319 and -327 to support his position. But A.R.S. § 25-319 establishes several factors a court must consider at the time of divorce when determining whether a spousal maintenance award is appropriate, and if so, the amount and duration of the award. Section 25-327 addresses modification of a spousal maintenance award post-divorce, including the general rule that an award terminates upon remarriage of the party receiving the award, unless otherwise agreed to or ordered by the court. Section 25-327 makes no mention of either party's financial resources as the basis for automatic termination of the award.

¶13       Father also relies on *Noorda v. Rasor*, 1 CA-CV 16-0062FC, 2016 WL 7508083 (Ariz. App. Dec. 30, 2016) (mem. decision), to support his argument. In *Noorda*, the mother challenged, *inter alia*, the termination of her spousal maintenance award upon her remarriage and the court's failure to award her attorney's fees based upon the father's "unreasonable" failure to pay child support. *Id.* at *1, ¶ 7. Concluding that (1) A.R.S. § 25-327(B) terminated the mother's spousal maintenance award by operation of law on the date of her remarriage, and (2) the appellate record contained no evidence that the father "took an unreasonable position in [the] litigation," this court held that the superior court did not abuse its discretion in declining the mother's request for attorney's fees. *Id.* at *2–3, ¶¶ 10, 21. The *Noorda* court made no mention of the mother's current spouse's income in its analysis of either the termination date of spousal maintenance or the denial of attorney's fees. *See id. Noorda* does not support Father's position. On this record, Father has shown no error.

## CONCLUSION

¶14       We affirm the superior court's award of attorney's fees to Mother. Mother requests an award of attorney's fees on appeal under A.R.S. §§ 12-349(A)(1)–(3) and -324. After considering the relevant factors and in an exercise of our discretion, we deny her request. Because Mother is the successful party on appeal, she is entitled to recover taxable costs upon compliance with ARCAP 21. *See* A.R.S. § 12-342(A).

